IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

MARC VINSON COLE,

    Plaintiff,

v.                                                Civil Action No. _____

NATIONSTAR MORTGAGE LLC,

    Defendant.

PX 16CV4057

## NOTICE OF REMOVAL

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendant, Nationstar Mortgage LLC ("Nationstar"), hereby removes this action from the District Court of Prince George's County, Maryland, and states as follows for its Notice of Removal. Removal is proper because this Court has subject matter jurisdiction over this action under federal question jurisdiction pursuant to 28 U.S.C. § 1331. Accordingly, Nationstar removes this action and in support of its Notice of Removal states the following:

### BACKGROUND

1. On November 22, 2016, Plaintiff Marc Vinson Cole ("Plaintiff") filed a Complaint against Nationstar in the District Court for Prince George's County, Maryland, in an action styled *Marc Vinson Cole v. Nationstar Mortgage LLC*, Case No. 050200318982016 (the "State Court Action").

2. In the Complaint, Plaintiff purports to allege a cause of action against Nationstar for violating the Fair Credit Reporting Act ("FCRA"). Additionally, Plaintiff seeks $5,000.00 in damages. *See* Complaint, attached hereto as **Exhibit A**. Upon information, copies of all other

pleadings and papers filed in the State Court Action are collectively attached hereto as **Exhibit B**.

3. Plaintiff served Nationstar with a copy of the Complaint on December 6, 2016. Therefore, this Notice of Removal is timely under the 30-day period prescribed by 28 U.S.C. §1446(b).

4. This Notice of Removal is being filed within one (1) year of the date of commencement of the action for removal purposes.

## GROUNDS FOR REMOVAL

5. Federal question jurisdiction pursuant to 28 U.S.C. § 1331 exists over this action as the claims asserted by Plaintiff in his Complaint involve questions that will require resolution of significant, disputed issues arising under federal law.

6. District courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "The Supreme Court has long recognized . . . that federal-question jurisdiction is not limited to cases where federal law creates the cause of action." *Columbia Gas Transmission Corp. v. Drain*, 191 F.3d 552, 557 (4th Cir. 1999). Even "[w]here state law creates the cause of action, federal-question jurisdiction will nonetheless lie if the 'plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Id.* (quoting *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983)). It is also well established that federal jurisdiction exists even when a complaint only purports to assert state law claims if the resolution of those claims depends on significant questions of federal law. *Grable & Sons Metal Prods. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005). Indeed, in determining whether issues arise under federal law, the Court considers the substance of the underlying allegation, rather than its label or form.

*Cuyahoga River Power Co. v. Northern Ohio Traction & Light Co.*, 252 U.S. 388, 397 (1920) (concluding that "federal question [exists] not in mere form but in substance, and not in mere assertion, but in essence and effect").

7. In his Complaint, Plaintiff alleges that Nationstar violated the FCRA. *See* **Ex. A**.

8. To the extent that Plaintiff also asserts a claim purporting to arise under the common law of the State of Maryland or the Code of Maryland, these claims are so related to the Plaintiff's federal claims, which are within the original jurisdiction of this Court, that they form part of the same case or controversy. Accordingly, the Court would have supplemental jurisdiction over these claims pursuant to 28 U.S.C. § 1441(c) and 28 U.S.C. § 1367(a).

9. Nationstar denies the allegations in the Complaint, denies that Plaintiff has stated a claim for which relief may be granted, and denies that Plaintiff has been damaged in any manner. Nevertheless, assuming for jurisdictional purposes only that Plaintiff's claims are valid, he could have originally filed his Complaint in this Court under federal question jurisdiction because resolution of Plaintiff's claims will require determination of significant, disputed issues under federal law.

10. Accordingly, this case qualifies for federal question jurisdiction and is removable because Plaintiff's Complaint alleges claims under, and requires a ruling on, the FCRA.

## VENUE

11. Venue is proper in this Court because this district and division encompass the District Court for Prince George's County, Maryland, the forum from which the case has been removed. *See* 28 U.S.C. § 1441.

## NOTICE

12. Concurrent with filing this Notice of Removal, Nationstar will file a Notice of Filing of Notice of Removal with the Clerk of the District Court for Prince George's County,

Maryland, and will attach a copy of this Notice of Removal thereto. A copy of the Notice of Filing of Notice of Removal, without Exhibit 1, is attached hereto as **Exhibit C**.

13. If any questions arise as to the proprietary of the removal of this action, Nationstar requests the opportunity to present a brief and argument in support of its position that this case is removable.

WHEREFORE, Defendant, Nationstar Mortgage LLC, hereby removes this action to this Court and seeks all other relief this Court deems equitable and just.

Dated: December 20, 2016                          Respectfully submitted,

                                                                          **NATIONSTAR MORTGAGE LLC**

                                                                          _____
                                                                          S. Mohsin Reza, Esq.
                                                                          Md. Bar No. 19015
                                                                          Troutman Sanders LLP
                                                                          1850 Towers Crescent Plaza, Suite 500
                                                                          Tysons Corner, VA 22182
                                                                          Telephone: (703) 734-4351
                                                                          Facsimile: (703) 448-6510
                                                                          mohsin.reza@troutmansanders.com

                                                                          *Counsel for Nationstar Mortgage LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of December, 2016, a copy of the foregoing was sent by first-class mail to:

**Pro Se Plaintiff**
Marc Vinson Cole
643 Palmerton Terace
Landover, MD 20785

_____
S. Mohsin Reza, Esq.
Troutman Sanders LLP
1850 Towers Crescent Plaza, Suite 500
Tysons Corner, VA 22182
Telephone: (703) 734-4351
Facsimile: (703) 448-6510
mohsin.reza@troutmansanders.com

*Counsel for Nationstar Mortgage LLC*

5